IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GERALD JOHNSON,

        Plaintiff,

vs.                                       CIVIL NO.   00-1828 LH/LFG-ACE

WAL-MART STORES, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## RECOMMENDING DISMISSAL

THIS MATTER is before the Court *sua sponte*. On June 26, 2001, the Court issued an order directing Plaintiff, Gerald Johnson ("Johnson"), to show cause by way of written response and supporting affidavit, why Fed. R. Civ. P. 16 sanctions, including dismissal of his case with prejudice, should not be imposed as a result of his failure to cooperate in the preparation of pleadings necessary for the prosecution of his case; his failure to make disclosures; his failure to comply with Court orders and directives, as well as with the rules of civil procedure; and, finally, his failure to appear for a Rule 16 conference.

The Court directed Johnson to file a written response and supporting affidavit no later than July 9, 2001, demonstrating why the proposed sanctions should not be imposed. Notwithstanding the Court's directive, Johnson failed to file a response to the Court's Order to Show Cause and failed to seek any additional time within which to comply.

Given this history, it is appropriate to impose sanctions. The Court recognizes, however, that dismissal of a party's lawsuit represents an extreme sanction and should occur only in cases of willful misconduct. Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992); Meade v. Grubbs, 841 F.2d

1512 (10th Cir. 1988). If a lesser sanction will deter an errant party from further misconduct, then a sanction other than dismissal should be utilized. Dismissal with prejudice defeats a litigant's right of access to the courts and, therefore, is appropriately used only as a last resort. Meade v. Grubbs.

In Ehrenhaus v. Reynolds, the Tenth Circuit directed lower courts to consider a number of factors prior to choosing dismissal as a just sanction. They include: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and, (5) the efficacy of lesser sanctions.

The Court will consider the appropriate sanction in light of the Ehrenhaus factors. First, the Court considers the degree of actual prejudice to the Defendant. Here, Johnson's failure to make his mandatory Rule 26 disclosures, his failure to cooperate in the preparation of the Initial Pretrial Report, and his failure to appear at the Rule 16 scheduling conference, all significantly prejudice the Defendant. Defendant is left to guess as to the existence of any evidence that may support Johnson's contentions. Defendant is unable to formulate an adequate discovery plan because it cannot ascertain which witnesses Johnson intends to call in the prosecution of his claims. Johnson has not disclosed the names, addresses or phone numbers of the witnesses or experts he intends to call. While Defendant is certainly aware of the allegations based on the complaint, it is nonetheless left to speculate as to many aspects of Johnson's claims. The prejudice suffered includes increased expenses and delay. Because mandatory disclosures have yet to be made, Defendant is left to expend more time and money in discovery. Moreover, Johnson's non-compliance needlessly prolongs the litigation and, in the interim, a cloud of uncertainty hangs over Defendant's head. The Court determines that Defendant is prejudiced by Johnson's failures.

Second, the Court considers the amount of interference with the judicial process. Case management deadlines are imposed by the Court as a means of complying with a congressional mandate under the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.* ("CJRA"). This Act is intended, in part, to reduce costs of litigation, minimize delay and to advance the ultimate disposition of a case. The establishment of case management deadlines expedites the disposition of cases and lessens the financial burdens implicit in litigation. The CJRA's legislative history states in relevant part:

> The purpose of this legislation is to promote for all citizens--rich or poor, individual or corporation, plaintiff or defendant--the just, speedy and inexpensive resolution of civil disputes in our Nation's Federal courts.

S. Rep. No. 101-416, at 1(1990), *reprinted in* 1990 U.S.C.C.A.N. 6804.

In this case, the Court has been unable to adopt an appropriate case management plan because it has yet to receive Johnson's portion of the Initial Pretrial Report, and was unable to determine discovery and scheduling needs due to Johnson's non-appearance at the Rule 16 conference. Due to Johnson's non-appearance, the Court's and defense counsel's time were wasted. In order to fulfill the CJRA mandate, the Court would be required to reschedule a new Rule 16 conference, thus, contributing to additional expense and delay. The Court finds that Johnson's acts and omissions significantly interfered with the judicial process.

Third, the Court considers the culpability of the litigant. If the failure to comply with obligations imposed by law, court orders or directives is the fault of a litigant's attorney, then the attorney is the proper party to suffer the sanction. In re Sanction of Baker, 744 F.2d 1438 (10th Cir. 1984); M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869 (10th Cir. 1987). Johnson's prior attorney, Dennis Montoya, withdrew because Johnson failed to cooperate with him and failed to live

up to promises he had made his attorney. At present, Johnson represents himself as a *pro se* litigant. Thus, all failures to comply with discovery obligations, directives and scheduling orders are his and the blame for non-compliance falls squarely on his shoulders.

Fourth, the Court next considers whether it gave a prior warning that the lawsuit may be dismissed. *See, e.g.*, Willner v. University of Kansas, 848 F.2d 1023 (10th Cir. 1988). If a party has not been given notice that dismissal of the litigation is a sanction that could be imposed for non-compliance, then it would be unfair to dismiss the lawsuit. In this case, however, Johnson was specifically advised in the Court's show cause order that a Rule 16 sanction, including dismissal of his case with prejudice, was an available sanction under Ehrenhaus v. Reynolds. Thus, Johnson was warned that sanctions could include dismissal. Moreover, he was given an opportunity to explain why sanctions should not be imposed or why a lesser sanction would be more appropriate. Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458 (10th Cir. 1988). For whatever reason, Johnson chose not to respond to the Court's specific directive and failed to respond to the Court's Order to Show Cause. The Court concludes that Johnson has been appropriately warned by the Court of the potential consequences of his violations.

Fifth, the Court must consider the efficacy of lesser sanctions. Here, notwithstanding the Court's earlier warnings that failure to comply with Court orders and directives could result in impositions of sanctions, including dismissal of this litigation, Johnson failed to appear for the Rule 16 conference and failed to submit any of the documents or material which he was required to present to opposing counsel. Johnson ignored the Court's directive just as he has ignored his discovery obligations. Given his repeated failures and refusal to comply with the Court's directives, the Court

has no optimism that he would comply with future directives if given a lesser sanction and a further opportunity to litigate.

After consideration of the five <u>Ehrenhaus</u> factors, the Court determines that the appropriate sanction is dismissal with prejudice. Accordingly, this matter is referred to the District Court with a recommendation that the lawsuit be dismissed with prejudice.[1]

                                          *Lorenzo F. Garcia*
                                          Lorenzo F. Garcia
                                          United States Magistrate Judge

---

[1] Within ten (10) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed, no appellate review will be allowed. For purposes of calculating time, the Court directs that Johnson has until July 30, 2001 to file objections.